UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUIS ANGEL SALAMAN | : | |
| | : | PRISONER CASE NO. |
| v. | : | 3:05CV876(JCH)(HBF) |
| | : | |
| | : | |
| OFFICER WAYNE BULLOCK, ET AL.[1] | : | FEBRUARY 13, 2008 |

## RULING AND ORDER

The plaintiff, Luis Angel Salaman ("Salaman") commenced this civil rights action pro se pursuant to 42 U.S.C. § 1983. He alleges inter alia that on May 24, 2003, defendant Wayne Bullock ("Bullock") used excessive force against him during his arrest at Club Icon in New Haven. Defendants Fazio and New Haven Entertainment Group have filed motions to dismiss, to depose Salaman, and for an extension of time to file a motion for summary judgment. For the reasons that follow, all three motions are granted.

## STANDARD OF REVIEW

When considering a motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Flores v. Southern Peru Copper Corp., 343 F.3d 140, 143 (2d Cir. 2003). The court

---

[1] The defendants named in the Amended Complaint are: Vincent Fazio, New Haven Entertainment Group, Officer Wayne Bullock, Richard Faustine, John Doe and the New Haven Police Department. On March 15, 2007, the court granted a Motion to Dismiss as to all claims against defendant New Haven Police Department and the claims pursuant to the Eighth, Ninth and Fourteenth Amendments against defendant Bullock and declined to exercise supplemental jurisdiction over any state law claims against defendant New Haven Police Department. On June 6, 2007, the court dismissed all claims as to defendants Doe and Faustine without prejudice pursuant to Rule 4(m), Fed. R. Civ. P. Thus, only the Fourth Amendment claims and state law claims against defendant Bullock and all claims against defendants Fazio and New Haven Entertainment Group remain pending.

considers not whether the plaintiff ultimately will prevail, but whether he has stated a claim upon which relief may be granted so that he should be entitled to offer evidence to support his claim. See York v. Association of Bar of City of New York, 286 F.3d 122, 125 (2d Cir.), cert. denied, 537 U.S. 1089 (2002). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. See Bell Atlantic v. Twombley, ___ U.S. ___, 127 S. Ct. 1955, 1964-65 (2007).

When ruling on a motion to dismiss, the court may consider the allegations in the complaint, any documents attached to the complaint, and other facts of which judicial notice may be taken. See Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993). In its review of a motion to dismiss, the Second Circuit "ordinarily require[s] the district courts to give substantial leeway to pro se litigants." Gomes v. Avco Corp., 964 F.2d 1330, 1335 (2d Cir. 1992).

## FACTS

For the purposes of deciding this Motion, the court assumes that the following allegations, taken from the Amended Complaint, are true.

On May 24, 2003, Salaman and a friend were at a nightclub located in New Haven called Club Icon. Richard Faustine, a Security Officer for Club Icon, approached Salaman from behind, grabbed his right arm and twisted it behind his back. Faustine did not identify himself or inform Salaman that he had done anything improper or illegal.

As Faustine pushed Salaman toward the front of the club, Salaman struggled to free himself. Another male individual grabbed Salaman, and he and Faustine slammed Salaman against a wall. Bullock, a New Haven Police Officer, approached Salaman, grabbed him by the throat with his right hand and punched him in the face with his left

hand.  Bullock did not identify himself as a police officer and was not wearing a police uniform.  Salaman bit Bullock on the right arm in self-defense.   Bullock then identified himself as a police officer and informed Salaman that he would be charged with assault.

Faustine, Bullock, and the unidentified male took Salaman outside the club, slammed him to the ground, kicked him in the back, and punched him in the face.  Bullock then dragged Salaman down some stairs and began to kick him in the side of the head.  Salaman managed to get up and run for his life.  Bullock chased after him.  Salaman was thrown in the air and then lost consciousness.   Salaman awoke in the hospital with injuries to his face, throat, arms, back, and left eye.

Defendant Vincent Fazio is the owner of Club Icon and New Haven Entertainment Group, LLC.  Fazio supervised the security staff at Club Icon, and it is alleged that he condoned or permitted the use of excessive force by Bullock and Faustine against Salaman.  Fazio's failure to train and to supervise his security staff resulted in the injuries to Salaman.  Salaman seeks declaratory relief and compensatory and punitive damages.

## DISCUSSION

Fazio and New England Entertainment Group move to dismiss the state law claims against them.  They argue that the claims of negligent failure to train and to supervise are barred by the statute of limitations.  The plaintiff has failed to file a response to the Motion to Dismiss despite notice from the court.   See Notice to Pro Se Litigant (Dkt. No. 40.)

In the jurisdiction and preliminary statement sections of plaintiff's Amended

Complaint, he asserts that the action is brought pursuant to 42 U.S.C. § 1983 for violations of the Fourth, Eighth, Ninth, and Fourteenth Amendments of the United States Constitution. He also asserts that the court has supplemental jurisdiction over his tort claim of assault and battery and his claims of violations of Connecticut General Statutes 53-37b and 53a-59(a)(4), both of which are criminal statutes establishing, respectively, the crimes of deprivation of a person's equal rights and privileges by force or threat and assault in the first degree by causing serious physical injury to another with the assistance of two or more persons.

The plaintiff asserts that defendant Fazio condoned the use of excessive force by his security staff at Club Icon and permitted Bullock to viciously choke, beat, and punch him during the course of his arrest both inside and outside of the Club. In the relief section of the Amended Complaint, the plaintiff seeks damages against defendant Fazio for failure to supervise and to train security members who work for him and for defendant New Haven Entertainment Group at Club Icon. Thus, the plaintiff's allegations against Fazio and New England Entertainment Group can be construed as claims that they violated his Fourth Amendment right to be free from excessive force and were negligent in training and supervising the security staff working at Club Icon.

The Connecticut statute of limitations for personal injury claims based on negligence is "two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered." Conn. Gen.Stat. § 52-584. The plaintiff's injuries as a result of the alleged failure to train and supervise by defendants Fazio and New Haven Entertainment Group were known to the plaintiff as of March 23, 2003, the date of the assault at the club. Thus, the plaintiff was

required to commence this action by March 23, 2005.  The plaintiff did not file his Amended Complaint naming defendants Fazio and New Haven Entertainment Group as defendants until June 21, 2006.[2]  The Amended Complaint includes no facts to warrant tolling of the limitations period.   Even if it did, and the new claims in the Amended Complaint related back, this lawsuit was not filed until June 1, 2005 and the complaint was not signed until May 19, 2005, more than two years after the assault.

The court has notified the plaintiff of his opportunity to be heard on the argument that his state law negligence claim is barred by the statute of limitations.  See Notice to Pro Se Litigant (Dkt. No. 40.)  Plaintiff has failed to respond to the Motion to Dismiss or to the court's Notice informing him of his obligation to respond to the Motion to Dismiss.  Accordingly, the Motion to Dismiss the claim of negligent failure to supervise and train against defendants Fazio and New Haven Entertainment Group is granted as such claims are barred by the statute of limitations.  See Abbas v. Dixon, 480 F.3d 636, (2d Cir. 2007) (holding district court properly granted motion to dismiss claims as barred by applicable statute of limitations because plaintiff received notice and an opportunity to be heard on the grounds raised in the motion and any tolling arguments he sought to assert).

## CONCLUSION

The Motion to Dismiss **[Dkt. No. 36]** is **GRANTED**.  The claims for negligent failure to train and supervise against defendants Fazio and New Haven Entertainment

---

[2] Prisoners are deemed to have filed a complaint on the day they give the complaint to prison officials to be mailed to the court.  See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (citing Houston v. Lack, 487 U.S. 266, 270 (1988)).  The plaintiff attaches a certificate of service indicating that he mailed the complaint to the Clerk's Office on June 21, 2006.

Group are dismissed as barred by the statute of limitations.  The Motions for Leave to Depose Salaman **[Dkt. No. 41]** and for Extension of Time to File a Motion for Summary Judgment  **[Dkt. No. 42]** filed by defendants Fazio and New Haven Entertainment Group are **GRANTED.**   Defendants Fazio and New Haven Entertainment Group may file a motion for summary judgment within forty-five days of the date of this Order.  Any motion for summary judgment filed by defendants Fazio and New Haven Entertainment Group shall address the issue of state action under section 1983.

**SO ORDERED.**

Dated this 13th day of February, 2008, at Bridgeport, Connecticut.

 /s/ Janet C. Hall
Janet C. Hall
United States District Judge