UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUIS ANGEL SALAMAN : | |
| : | PRISONER CASE NO. |
| v. : | 3:05-cv-876(JCH)(HBF) |
| : | |
| OFFICER WAYNE BULLOCK, ET AL. : | OCTOBER 3, 2008 |

## ORDER

The plaintiff commenced this civil rights action pro se pursuant to 42 U.S.C. § 1983. He alleges inter alia that on May 24, 2003, defendant Wayne Bullock used excessive force against him during his arrest at Club Icon in New Haven. On March 15, 2007, the court granted a Motion to Dismiss as to all claims against defendant New Haven Police Department and the claims pursuant to the Eighth, Ninth, and Fourteenth Amendments against defendant Bullock and declined to exercise supplemental jurisdiction over any state law claims against defendant New Haven Police Department. On June 6, 2007, the court dismissed all claims as to defendants Doe and Faustine without prejudice pursuant to Rule 4(m), Fed. R. Civ. P. On February 13, 2008, the court granted a Motion to Dismiss state law claims against defendants Fazio and New Haven Entertainment Group. On June 23, 2008, the court granted a Motion for Summary Judgment filed by defendants Fazio and New Haven Entertainment Group as to all federal claims against them. Only the Fourth Amendment and state law claims remain pending against defendant Bullock.

Plaintiff has taken no action to prosecute this case since August 2007, when he moved for, and the court granted, an extension of time to respond to the Motion to a Dismiss filed by defendants Fazio and New Haven Entertainment Group. The court issued orders directing plaintiff to respond to both the Motion to Dismiss and Motion for

Summary Judgment filed by Fazio and New Haven Entertainment Group. Plaintiff failed to respond either motion.

OnJuly 2, 2008, the court issued an Order (Doc. No. 52) directing plaintiff to file a notice explaining why he had failed to take any action in this case in ten months and had failed to comply with two court orders directing him to respond to the Motions to Dismiss and for Summary Judgment filed by defendants Fazio and New Haven Entertainment Group. In response, the plaintiff has filed a notice explaining his reasons for failing to comply with court orders and take any action in this case since 2007.

He claims that he could not respond to the Motions to Dismiss and for Summary Judgment because the law library at Carl Robinson Correctional Institution ("Carl Robinson") is inadequate. When plaintiff filed this action, he was confined at the Cheshire Correctional Institution. As of August 2007, he was confined at Osborn Correctional Institution ("Osborn"). On February 13, 2008, plaintiff informed the court that he had been transferred to Carl Robinson. See Salaman v. DeJesus, 05-cv-1608(JBA) (Notice, Doc. No. 40). Thus, the Motion to Dismiss filed on July 17, 2007, and decided on February 13, 2008, was pending during his confinement at Osborn. Thus, the "inadequacy" of the Carl Robinson law library has no bearing on his failure to file any response to the Motion to Dismiss.

The Motion for Summary Judgment (Doc. No. 47) was mailed to plaintiff at Carl Robinson on March 28, 2008. Plaintiff does not dispute that he was confined at Carl Robinson at that time. In addition, the Order of Notice to Pro Se Litigant, informing the plaintiff of his obligation to respond to the Motion for Summary Judgment and informing him of the documents to be included in his response, was mailed to him at Carl Robinson on April 18, 2008. Plaintiff's claim that he was confused as to whether he

had to respond to the Motion for Summary Judgment is without merit in light of the very specific notice from the court informing him of his obligation to do so.  Furthermore, plaintiff's assertions regarding his failure to file any documents with the court due to prison lockdowns pertain to the time period since the rulings on the Motions to Dismiss and for Summary Judgment.  Accordingly, the court concludes that the plaintiff has not demonstrated good cause for failing to respond to the Motions to Dismiss and for Summary Judgment filed by defendants Fazio and New England Entertainment Group.  Thus, the court will not reconsider its rulings granting the Motions to Dismiss and for Summary Judgment.

     In view of the fact that the plaintiff has indicated that he seeks to proceed as to Fourth Amendment and state law claims against Officer Bullock, the parties are directed to comply with the Pro Se Pretrial Order issued on June 30, 2008 (Doc. No. 53) directing them to file a Joint Trial Memorandum.  The court will extend the deadlines in the Pretrial Order as follows: Defendant Bullock shall provide his Pretrial Memorandum to the plaintiff on or before **OCTOBER 22, 2008**, and the plaintiff will adopt, supplement or adopt his own Pretrial Memorandum on or before **NOVEMBER 12, 2008**.   If plaintiff fails to respond by November 12, 2008, he will be deemed to have adopted Defendant Bullock's Pretrial Memorandum.  A final pretrial conference at which all pending motions will be heard will be scheduled for December 2008.  Plaintiff will participate by telephone.

SO ORDERED this 3rd day of October, 2008, at Bridgeport, Connecticut.


    /s/ Janet C. Hall
Janet C. Hall
United States District Judge